**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| BRIAN REASON | : | |
| | : | |
| Appellant | : | No. 647 EDA 2021 |

Appeal from the PCRA Order Entered March 12, 2021
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0003260-2016

BEFORE:   BOWES, J., OLSON, J., and COLINS, J.[*]

MEMORANDUM BY OLSON, J.:                    **FILED OCTOBER 1, 2021**

Appellant, Brian Reason, appeals from the order entered on March 12, 2021, dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Counsel for Appellant, C. Curtis Norcini, Esquire ("Attorney Norcini"), filed a **Turner**/**Finley**[1] no-merit brief and a petition to withdraw as counsel.  We grant counsel's petition to withdraw and affirm the March 12, 2021 order.

A prior panel of this Court briefly summarized the facts and procedural history of this case as follows:

> From the record, we discern[ed] that Appellant had a history of violence against his long-term paramour.  On May 2, 2017, Appellant entered a negotiated guilty plea on charges related to

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[a] physical confrontation. Specifically, Appellant agreed to plead guilty to intimidation of witnesses or victims and simple assault and be sentenced to an aggregate term of eighteen to sixty months of imprisonment, and the Commonwealth agreed to dismiss the remaining charges. The trial court expressed misgivings due to Appellant's criminal history in general, and repeated incidents with the victim, even opining that an aggravated-range sentence would likely be imposed if Appellant were convicted at a trial, but accepted the plea and sentenced Appellant accordingly. Appellant thanked the court for accepting the standard-range plea and dismissal of additional charges. *See* N.T. Guilty Plea, 5/2/17, at 27. Appellant filed no post-sentence motion or direct appeal.

Appellant filed a timely *pro se* PCRA petition alleging four claims of ineffective assistance of plea counsel, including the claim that plea counsel failed to file a requested direct appeal. *See* PCRA Petition, 5/7/18, at 4.

**Commonwealth v. Reasons**,[2] 241 A.3d 450 (Pa. Super. 2020) (unpublished memorandum) at *1.

We ultimately remanded the matter for the PCRA court to appoint substitute PCRA counsel and to conduct a hearing on the sole issue of whether Appellant requested that plea counsel file a direct appeal. *Id.* at *4. We deemed Appellant's remaining PCRA claims waived. *Id.* Following this Court's remand, on October 27, 2020, the PCRA court appointed Attorney Norcini to represent Appellant. The PCRA court held an evidentiary hearing on March 11, 2021. By order and opinion entered on March 12, 2021, the PCRA court denied Appellant relief on the sole issue subject to our remand and thereby dismissed the PCRA petition. This timely appeal resulted.

---

[2]  Appellant has corrected the record. His last name is "Reason," not "Reasons." *See Reasons*, 241 A3d at n.1; *see also* PCRA Court Opinion, 3/12/2021, at 2 n.1.

The **Turner**/**Finley** brief raises the following issue for review:

1. Did the PCRA court commit an abuse of discretion by denying relief on Appellant's claim that plea counsel provided ineffective assistance of counsel for failing to file a notice of appeal following Appellant's sentencing hearing?

**Turner**/**Finley** Brief, at 7.

Preliminarily, however, we address counsel's **Turner**/**Finley** brief and accompanying petition to withdraw as counsel. When PCRA counsel opines that a petitioner's appeal is without merit and counsel seeks to withdraw,

> **Turner**/**Finley** counsel must review the case zealously [and] then submit a no-merit [brief] to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw. Counsel must also send to the petitioner: (1) a copy of the no-merit [ ]brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the [immediate] right to proceed *pro se* or by new counsel.

**Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa. Super. 2007) (quotation marks, citations, and original paragraph formatting omitted). If counsel satisfies the technical requirements of **Turner**/**Finley**, then this Court must conduct its own review of the merits of the case. **Id.** If this Court agrees with counsel that the claims are without merit, then counsel will be permitted to withdraw. **Id.**

Here, Attorney Norcini has complied with the requirements of **Turner**/**Finley**. The **Turner**/**Finley** brief details that Attorney Norcini conducted a review of Appellant's case, including Appellant's claim of ineffective assistance of plea counsel, but ultimately determined that the claim

lacked merit because there was no evidence that Appellant requested that plea counsel file a direct appeal following the entry of his negotiated plea. Attorney Norcini provided Appellant with a copy of his ***Turner***/***Finley*** no-merit brief and a copy of his petition to withdraw as counsel, as demonstrated by his April 30, 2021 letter to Appellant. Moreover, Attorney Norcini advised Appellant that he had the immediate right to proceed in the appeal *pro se* or through privately-retained counsel. As counsel complied with the ***Turner***/***Finley*** requirements to withdraw from representation, we now review whether the PCRA court correctly dismissed Appellant's PCRA petition.

"Our standard of review from the grant or denial of post-conviction relief is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." ***Commonwealth v. Ousley***, 21 A.3d 1238, 1242 (Pa. Super. 2011) (citation omitted). "We will not disturb findings that are supported by the record." ***Id.*** Moreover,

> [o]ur standard of review when faced with a claim of ineffective assistance of counsel is well settled. First, we note that counsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on [the petitioner].
>
> * * *
>
> A petitioner must show (1) that the underlying claim has merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors or omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. The failure to prove any one of the three prongs results in the failure of petitioner's claim.

> Our Supreme Court has held that counsel's unexplained failure to file a requested direct appeal constitutes ineffective assistance *per se*, such that the petitioner is entitled to reinstatement of direct appeal rights *nunc pro tunc* without establishing prejudice. However, before a court will find ineffectiveness of counsel for failing to file a direct appeal, the petitioner must prove that he requested a direct appeal, and that counsel disregarded the request.

*Id.* at 1244 (internal citations omitted).

Here, the PCRA court determined there was no evidence that Appellant asked plea counsel to file an appeal. PCRA Court Opinion, 3/12/2021, at 1-9. At the PCRA evidentiary hearing, counsel testified that there were no communication issues with Appellant and Appellant never expressed dissatisfaction with the entry of his guilty plea or the negotiated plea deal reached with the Commonwealth. N.T., 3/10/2021, at 5-6. In fact, plea counsel stated that the trial court initially was reluctant to accept the plea deal due to the lenient nature of its sentence. *Id.* at 5. The terms of the plea deal were placed on the record, Appellant signed a written guilty plea colloquy and answered questions during an oral colloquy, and the trial court ultimately accepted Appellant's guilty plea. *Id.* at 5-6. After the plea deal was accepted, plea counsel had multiple conversations with Appellant and various family members, who requested Appellant's file in this matter. *Id.* at 7. However, there was no request for counsel to file an appeal on Appellant's behalf. *Id.* Instead, at the guilty plea hearing, Appellant thanked the trial court twice for accepting his guilty plea when "the [trial court] didn't want to take the offer and wanted to give him more time." *Id.* at 8. Appellant admitted that he did

not express dissatisfaction with plea counsel at the plea hearing and he did not request an appeal with the trial court following sentencing. *Id.* at 10-12. Appellant confirmed that he thanked the trial court twice for accepting his guilty plea but claimed he did so upon the advice of counsel. *Id.* at 15. Appellant did not have any documentation, such as an e-mail, text, or letter, to prove that he requested an appeal. *Id.* at 13.

Ultimately, the PCRA court found plea counsel's testimony credible and Appellant's testimony not credible. PCRA Court Opinion, 3/12/2021, at 3 and 8. Those findings are supported by the record, and we will not disturb them. As the PCRA court noted, the trial court "extensively colloquized [Appellant] throughout the plea [and Appellant] never indicated in either words or actions that he was anything less than thrilled that the [trial c]ourt accepted the negotiated plea." *Id.* at 4. The PCRA court further acknowledged that Appellant "was satisfied with his attorney and even expressed his thanks to the [trial c]ourt twice for accepting the negotiated plea agreement." *Id.* at 5. Moreover, here, there is no dispute that Appellant's appeal rights were explained to him in both the written and oral colloquies at the time he entered his plea. *Id.* at 6-7. Upon review, there was simply no evidence that Appellant requested an appeal. Instead, Appellant expressed his gratitude, on the record, for the negotiated plea deal he received. Based upon all of the foregoing, Appellant has not demonstrated, by a preponderance of the evidence, his entitlement to collateral relief on grounds that plea counsel disregarded a requested appeal. Accordingly, Appellant's sole appellate issue

lacks merit. Thus, we grant Attorney Norcini's petition to withdraw and affirm the March 12, 2021 order dismissing Appellant's PCRA petition.

Petition to withdraw granted. Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/1/2021